## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT S. BUIE,
     Plaintiff,

     v.                                           No. 3:15-cv-342 (SRU)

JOHAR SYED NAQVI, et al.,
     Defendants.

## <u>INITIAL REVIEW ORDER</u>

The plaintiff, Robert S. Buie, currently incarcerated at the MacDougall-Walker

Correctional Institution in Suffield, Connecticut, commenced this action *pro se* pursuant to 42

U.S.C. § 1983.  The Court received the complaint on March 6, 2015.  Buie's motion to proceed

*in forma pauperis* was granted on March 9, 2015.  Buie names as defendants Drs. Naqvi and

O'Halloran.  Buie alleges that the defendants were deliberately indifferent to his serious medical

need.

Under section 1915 of Title 28 of the United States Code, the court must review prisoner

civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails

to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the

truth of the allegations and interpret them liberally to "raise the strongest arguments [they]

suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of

the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell*

*Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  *Pro se* documents are

liberally construed and interpreted to raise the strongest arguments they suggest.  *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

**I.      Allegations**

In late October 2013, Buie contracted a rash on most of his body.  The rash was accompanied by constant itching.  As a result, Buie scratched himself, which caused scratch marks and cuts on his body.  Buie was seen by a nurse on November 5, 2013, and referred to a doctor.

On December 10, 2013, Buie was seen by Dr. O'Halloran.  The doctor could not determine the exact source of the rash and prescribed hydrocortisone and gabapentin.  Dr. O'Halloran refused Buie's request for a biopsy and blood tests.

On December 20, 2013, Dr. O'Halloran again saw Buie.  He prescribed Benadryl and triamcinoine cream for the rash.  Dr. O'Halloran continued to deny Buie's request for biopsy and blood tests.  On January 24, 2014, Dr. O'Halloran observed that Buie's condition was worsening.  He prescribed a different cream to be used with the triamcinoione cream.

On February 6, 2014, Buie wrote to Dr. O'Halloran indicating that the rash had improved somewhat but that itching still was a problem.  On February 18, 2014, Buie was seen by a nurse who told him that he was on the list to be seen by Dr. O'Halloran.

Buie was not seen by a doctor again until August 27, 2014, when he was seen by Dr. Naqvi.  When Buie again requested a biopsy and blood tests, Dr. Naqvi stated that he preferred to wait a while before scheduling the procedures.  On January 5, 2015, Buie saw Dr. Naqvi who stated that he would order a biopsy and blood tests at the appropriate time.

## II.        Discussion

To state a claim for deliberate indifference to a serious medical need, Buie must allege

facts sufficient to show both that his medical need was serious and that the defendants acted with

a sufficiently culpable state of mind.  *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003)

(citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  There are both subjective and objective

components to the deliberate indifference standard.  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d

Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995).  Objectively, the

alleged deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The condition must produce death, degeneration or extreme pain.  *Hathaway v. Coughlin*, 99

F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendants must have been actually aware of a

substantial risk that the inmate would suffer serious harm as a result of their actions or inactions.

*Salahuddin v. Goord*, 467 F.3d 262, 279–80 (2d Cir. 2006).  Negligence that would support a

claim for medical malpractice does not rise to the level of deliberate indifference and is not

cognizable under Section 1983.  *Id.*  Nor does a difference of opinion regarding what constitutes

an appropriate response and treatment constitute deliberate indifference.  *See Ventura v. Sinha*,

379 Fed. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Buie suffers from a rash.  Persistent skin rashes do not constitute a sufficiently serious

medical condition to support a claim for deliberate indifference.  *See Lewal v. Wiley*, 29 Fed.

App'x 26, 29 (2d Cir. 2002) (persistent rash is not a serious medical condition); *Reid v. Nassau

Cnty. Sheriff's Dep't*, No. 13-CV-1192 (SJF) (SIL), 2014 WL 4185195, at \*20 (E.D.N.Y. Aug.

20, 2014) (citing cases).  Further, even if Buie's skin rash were serious, he has alleged only that

the defendant refused his request for a biopsy and blood tests as premature, preferring to try

other treatments first.  A disagreement regarding treatment does not rise to the level of deliberate indifference.  Accordingly, the complaint is dismissed for failure to state a claim.

## III.     Conclusion

The complaint is **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1).  In light of the dismissal of this case, Buie's motion for appointment of counsel (doc. 4) is **denied as moot**.  The Clerk is directed to close this case.


It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of March 2015.


   /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge